44

UNITED STATES of America, ex
rel. Robert Keith BENDER,
Appellant

v.

NORTH AMERICAN TELECOMMU-
NICATIONS INC., (NATI), et al.,
Appellees.

No. 10–7176.

United States Court of Appeals,
District of Columbia Circuit.

Jan. 25, 2013.

Steven L. Herrick, Tully Rinckey
PLLC, Washington, DC, Mathew B. Tully,
Tully Rinckey PLLC, Albany, NY, Rac-
helle Simone Young, Tully Rinckey PLLC,
Arlington, VA, for Appellant.

David Udell Fierst, Stein Mitchell &
Muse, LLP, Jeffrey Michael Hahn, James
A. Bensfield, Mary Lou Soller, Miller &
Chevalier Chartered, Washington, DC, for
Appellees.

Before: SENTELLE, Chief Judge,
TATEL, Circuit Judge, and RANDOLPH,
Senior Circuit Judge.

### JUDGMENT

This appeal was considered on the rec-
ord from the United States District Court
for the District of Columbia and on the
briefs and arguments of the parties. The
court has accorded the issues full consider-
ation and has determined that they do not
warrant a published opinion. *See* D.C.CIR.
R. 36(d). It is

**ORDERED** and **ADJUDGED** that the
judgment of the district court be affirmed.

Robert Bender brought this *qui tam*
action under the False Claims Act, 31
U.S.C. § 3729 *et seq.*, alleging violations by
seven defendants, including Bender's for-
mer employer, North American Telecom-
munications, Inc. The district court grant-
ed defendants' motions to dismiss all five
counts under Federal Rule of Civil Proce-
dure 12(b)(6), on the grounds that the
amended complaint failed to "state with
particularity the circumstances constitut-
ing fraud or mistake." FED.R.CIV.P. 9(b).

As the district court detailed in its anal-
ysis of each count of the amended com-
plaint, Bender failed to allege specific false
claims and instead relied on general state-

ments of alleged practice. *United States ex rel. Bender v. N. Am. Telecomm., Inc.,* 750 F.Supp.2d 1, 6–11 (D.D.C.2010). He failed to allege the time, place, and content of particular false claims, whether those claims were actually submitted to the government, who precisely was involved in making those claims, and what was obtained as a result. *See United States ex rel. Joseph v. Cannon,* 642 F.2d 1373, 1385 (D.C.Cir.1981). The district court was right to conclude that Bender's amended complaint did not satisfy Rule 9(b), and, with two clarifications discussed below, we affirm for the reasons stated in its opinion.

First, Bender attempted to plead on information and belief by alleging that he lacked access to documents he needed in order to meet the particularity standard of Rule 9(b). The law permits a *qui tam* relator, such as Bender, to proceed if he provides the factual basis for the charges leveled against the defendant and some factual basis for the claim that the defendant is in control of the information that the relator requires in order to plead with particularity. *Kowal v. MCI Commc'ns Co.,* 16 F.3d 1271, 1279 n. 3 (D.C.Cir. 1994); *In re Craftmatic Sec. Litig.,* 890 F.2d 628, 646 (3d Cir.1990). Bender alleged that "[e]xcept for those specific facts identified herein, all of the material facts and records pertaining to the false or fraudulent claims, statements and documents submitted to the Government lie within the possession of [North American Telecommunications, Inc.], [Capitol Technology Services, Inc.] and/or [PAE Government Services, Inc.], including the specific certifications, billings, statements and records submitted to the Government, and Relator is without access to those facts and records and must rely on information and belief." The district court did not consider whether Bender's allegation was sufficient to plead on information and belief, and instead simply applied Rule 9(b)'s particularity requirement. *Bender,* 750 F.Supp.2d at 8. Though it was erroneous, the court's omission was harmless because Bender's vague allegation falls short of the requirements articulated in *Kowal.* Bender failed to specify which records or documents he believes contain relevant facts, what facts those might be, which defendant he believes has the documents, and the basis for any of these beliefs.

Second, Bender argued that the Fraud Enforcement and Recovery Act of 2009, which, in relevant part, reduced the standard of liability for "all claims under the False Claims Act" pending on or after June 7, 2008, applied to his case. Pub.L. No. 111–21, § 4(f)(1), 123 Stat. 1617, 1625. The district court disagreed, interpreting the term "claims" to include only pending requests for payment and not pending cases, such as Bender's. *Bender,* 750 F.Supp.2d at 5 n. 3. As the parties conceded during oral argument, it appears that only those counts against PAE Government Services, Inc., the subcontractor for Capitol Technology Services, Inc., implicate the relevant provision of the 2009 Act. Those counts are deficient under Rule 9(b) regardless of which standard of liability applies. Because the district court's interpretation of the term "claims" in the Act's retroactivity clause is unnecessary to decide the case, we do not reach the question.

We also note that it was not an abuse of discretion for the district court to dismiss the complaint with prejudice in light of Bender's failure to seek leave to amend. *See Kowal,* 16 F.3d at 1279–80.

The Clerk is directed to withhold the issuance of the mandate herein until seven days after the disposition of any timely petition for rehearing. *See* FED. R.APP. P. 41(b); D.C.CIR. R. 41(a)(1).